# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID SIMMONS, | ) |
|       Petitioner, | ) |
| v. | ) No. 4:97-CV-469 CAS |
| PAUL CASPARI, | ) |
|       Respondent. | ) |

## MEMORANDUM AND ORDER

This closed matter under 28 U.S.C. § 2254 is before the Court on state prisoner David Simmons's "Motion Pursuant to Rule 60(d)(3) Fraud on the Court." (Doc. 81) No response was filed to the motion and the time to do has passed. For the following reasons, the Court will dismiss the motion for lack of jurisdiction, as a second or successive habeas petition for which petitioner failed to obtain authorization from the Eighth Circuit Court of Appeals.

## I. Procedural Background

On October 24, 1991, a jury in the Circuit Court of St. Louis County, Missouri, found petitioner guilty of Murder Second Degree and Burglary First Degree. Petitioner was sentenced as a prior offender to consecutive terms of life imprisonment and fifteen years imprisonment on the respective charges. Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. On consolidated appeal, the Missouri Court of Appeals affirmed petitioner's conviction and the denial of his motion for post-conviction relief. Petitioner's motion to recall the mandate was summarily denied.

Petitioner filed a petition for writ of habeas corpus in the instant case on March 18, 1997. Petitioner filed an amended petition that asserted four claims of ineffective assistance of appellate

counsel; three of the claims concerned direct appeal and the fourth concerned post-conviction appeal. The Report and Recommendation of United States Magistrate Judge Frederick R. Buckles listed petitioner's claims as follows:

> (1) That petitioner received ineffective assistance of appellate counsel in that counsel failed to raise on direct appeal the claim that petitioner was denied his right to be sentenced by a jury inasmuch [as] the court improperly determined petitioner to be a prior offender;
>
> (2) That petitioner received ineffective assistance of appellate counsel in that counsel failed to raise on direct appeal the claim that the trial court erroneously forced petitioner to proceed to trial with appointed counsel with whom petitioner had irreconcilable conflicts;
>
> (3) That petitioner received ineffective assistance of appellate counsel in that counsel failed to raise on direct appeal the claim that the trial court lacked jurisdiction over petitioner's cause inasmuch as petitioner was denied a speedy trial under Mo. Rev. Stat. § 217.450; and
>
> (4) That petitioner received ineffective assistance of appellate counsel in that counsel abandoned on post-conviction appeal petitioner's claims of ineffective assistance of trial counsel.

Report and Recommendation at 2 (Doc. 24).

With respect to the third claim, ineffective assistance of counsel for failing to raise on direct appeal that the trial court lacked jurisdiction because petitioner was denied his rights under the Missouri speedy trial statute, the Report and Recommendation stated in pertinent part:

> On March 26, 1991, petitioner filed a proper request for disposition of his cause within 180 days. (See Resp. Exh. B at 8; Exh. C at 19-20; Exh. D at 38.) Trial commenced on petitioner's criminal cause of action on October 21, 1991, 209 days after petitioner's properly filed request. (Resp. Exh. A.) A review of the record shows, however, that the trial court expressly tolled the statute from September 13, 1991, through October 21, 1991, finding good cause to be shown on account of defense counsel's unpreparedness for trial given the short period of time that she was assigned to the case, the complexity of the case, and the number of witnesses to be interviewed and/or investigated. (Resp. Exh. B at 95-103; Exh. C at 62, 66-69.) As such, the statute did not run during this thirty-eight-day period. To the extent petitioner argues that the statute was not tolled during this period inasmuch as he did not consent to counsel's request for continuance, the undersigned notes that Missouri

2

courts have determined not to charge the State any delay in the commencement of trial even where defense counsel requests a continuance without the consent of the defendant. See, e.g., State v. Allen, 954 S.W.2d 414, 417 n.2 419 n.4 (Mo. Ct. App. 1997).

Subtracting the tolled thirty-eight-day period from the total time taken to bring petitioner to trial from the date of his request, only 171 days elapsed. As such, petitioner was brought to trial within the 180-period contemplated by the statute. Any claim otherwise is without merit.

Report and Recommendation at 14-15 (footnote omitted).

The Court adopted the Report and Recommendation over petitioner's objections, concluding that petitioner's first three claims were without merit and the fourth was not cognizable in a federal habeas proceeding. The Court denied the petition for writ of habeas corpus and dismissed this case.

Petitioner appealed the dismissal and the Eighth Circuit Court of Appeals granted a certificate of appealability on the issue whether appellate counsel was ineffective for not arguing that the state had violated Missouri's speedy trial statute, i.e., the third claim. Simmons v Caspari, No. 00-2268, 24 F. App'x 653, at *1 (8th Cir. Jan. 10, 2002). Following review, however, the Eighth Circuit concluded that petitioner's argument was without merit and affirmed this Court's judgment denying the petition. Id. Petitioner filed petitions for rehearing by the Eighth Circuit panel and rehearing en banc, which were denied. Simmons v. Caspari, No. 03-1651 (8th Cir. Oct. 17, 2003).

Petitioner subsequently filed a number of motions with this Court, including motions to reopen the judgment, to reconsider the order dismissing the case, to reopen the case, and to reopen the case pursuant to Rule 60(b), Federal Rules of Civil Procedure. This Court denied each motion. Petitioner appealed the denial of his motion to reopen the case under Rule 60(b), but the Eighth Circuit affirmed, stating:

> For the most part, Simmons's motions clearly attack his conviction and sentence, and thus were properly denied as an unauthorized second or successive habeas petition. See 28 U.S.C. § 2244(b); cf. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir.

2002) (per curiam) (affirming denial of Fed.R.Crim.P. 12(b)(2) motion where motion was actually successive habeas petition which inmate did not request authorization to file). <u>To the extent that his Rule 60 motions raise fraud as grounds to set aside the dismissal of his section 2254 petition, his motions were untimely as they were not filed within one year of the dismissal.</u> See Fed. R. Civ .P. 60(b); <u>Fed. Land Bank of St. Louis v. Cupples Bros.</u>, 889 F.2d 764, 766–67 (8th Cir. 1989).

<u>Simmons v Caspari</u>, 73 F. App'x 901, 902 (8th Cir. Aug. 26, 2003) (emphasis added). Petitioner sought a petition for writ of certiorari with the United States Supreme Court to appeal the Eighth Circuit's decision, but it was denied. <u>Simmons v. Caspari</u>, 541 U.S. 906 (2004). In 2009, petitioner filed a motion in the Eighth Circuit to reopen his appeal, which was also denied. <u>Simmons v. Caspari</u>, No. 00-2268 (8th Cir. Aug. 31, 2009).

On December 9, 2016, petitioner filed a Motion to Recall Mandate and a "Petition to Reopen and Redoclet [sic] This Case Under 60(b)(3) Motion Based on Fraud That Was Committed Within the Court via Switching-Out/Replacing Document That Was not Apart [sic] of Any of Petitioner's Court Room Procedure" ("Rule 60(b)(3) Motion") in the Eighth Circuit.[1] In the Rule 60(b)(3) motion, petitioner alleged in part that his trial counsel

> forged his signature on a motion requesting for a continuance, thereby being ineffective assistance of counsel. The forged motion were [sic] switched and replaced with two other false motions that has [sic] been illegally placed in the court files. The two false motions appeared as if the defendant had gave [sic] up his rights to a speedy trial, under section 217.450. The trial court had lost jurisdiction to commence trial upon the defendant.

Rule 60(b)(3) Motion at 2. The Eighth Circuit denied both the motion to recall the mandate and motion to reopen under Rule 60(b). <u>Simmons v. Caspari</u>, No. 03-1651 (8th Cir. Dec. 19, 2016).

On August 28, 2017, petitioner filed the instant "Motion Pursuant to Rule 60(d)(3) Fraud on the Court" (Doc. 81). The motion states that petitioner seeks to reopen his § 2254 motion "based

---

[1]The Court takes judicial notice of petitioner's filings with the Eighth Circuit Court of Appeals.

4

on newly discovered evidence or upon an independent Rule 60(d) motion." The motion asserts a "Claim" that "defense counsel committed fraud on the Pre-trial court when she forged the defendant's (David Simmons') name on a motion requesting for a continuance against his wishes w/o his consent, violation Mo.Sup.Ct. Rule 4-8.4(c), and Rule 4-1." Mot. at 1.

## II. Discussion

The text of Rule 60(d) states:

**(d) Other Powers to Grant Relief**. This rule does not limit a court's power to:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

Rule 60(d), Fed. R. Civ. P.

The Supreme Court has stated that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998). To prevent the restrictions of Rule 60 from "be[ing] set at naught," independent actions under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 (1944)). "Rule 60(d) provides for extraordinary relief on a showing of exceptional circumstances." Fox v. Brewer, 620 F.2d 177, 180 (8th Cir. 1980).

As set forth above, the legality of petitioner's detention has been determined by this Court on petitioner's prior application for a writ of habeas corpus. The claim asserted in petitioner's Rule 60(d)(3) motion, that he has newly discovered evidence his state trial counsel "committed fraud on

5

the Pre-trial court" when she forged his name on a motion requesting a trial continuance against his wishes and without his consent, alleges fraudulent defects in his state criminal proceedings. This allegation is related to the third claim of petitioner's federal habeas petition, which was denied on the merits. Petitioner's claim is also similar, if not identical, to the claim raised in his Rule 60(b)(3) motion filed in the Eighth Circuit in 2016.

Petitioner's Rule 60(d)(3) motion clearly seeks to assert a substantive claim and a federal basis for relief from the state court's judgment of conviction. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005) (stating that a "'claim' as used in [28 U.S.C.] § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction."). The Supreme Court held that a "habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." Gonzalez, 545 U.S. at 531.

Section 2244 restricts the filing of second or successive habeas motions. The statute provides in pertinent part, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Under Gonzalez, a post-dismissal motion under Rule 60(d) that either attempts to raise a new ground for relief or attacks a federal court's previous resolution of a claim on the merits is a second or successive claim for habeas relief, for which the petitioner must obtain permission from the court of appeals prior to filing in the district court. See Williams v. Dormire, 2010 WL 3270111, at *3 (E.D. Mo. Aug. 17, 2010). Because petitioner's Rule 60(d)(3) motion seeks to raise a substantive claim and a federal basis for relief from his state conviction, it constitutes a second or successive habeas petition.

Petitioner has not moved in the Eighth Circuit Court of Appeals for an order authorizing this Court to consider his second or successive habeas petition. Instead, he is attempting to circumvent the requirements of Section 2244(b)(3)(A) by attempting to invoke another procedural device, Rule 60(d). As a result, this Court is not authorized to consider petitioner's motion.

## III. Conclusion

For the foregoing reasons, the Court finds that petitioner David Simmons's Motion Pursuant to Rule 60(d)(3) Fraud on the Court is a second or successive § 2254 petition. Because petitioner did not obtain prior authorization from the Eighth Circuit Court of Appeals to file the second or successive petition, this Court must dismiss it for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner David Simmons's Motion Pursuant to Rule 60(d)(3) Fraud on the Court is **DISMISSED** for lack of jurisdiction as a second or successive habeas petition. [Doc. 81]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of September, 2017.